DA 22-0490

FILED

04/04/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0490

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2023 MT 61N

IN RE THE MATTER OF THE ESTATE OF:

ALBERT J. LARGHI,

    Deceased.

ANTHONY CHARLES LARGHI and MARY PATRICIA FLEMING,

    Foreign Ancillary Personal Representatives,

        Appellees,

MARISA ROOT,

    Petitioner-Heir and Appellant.

APPEAL FROM:    District Court of the Twenty-First Judicial District,
In and For the County of Ravalli, Cause No. DP-09-53
Honorable Jennifer B. Lint, Presiding Judge

COUNSEL OF RECORD:

    For Appellant:

        Donald C. St. Peter, Michael O'Brien, Logan Alan Nutzman, St. Peter Law Office, P.C., Missoula, Montana

    For Appellees:

        Megan S. Winderl, David R. Markette, Markette & Chouinard, P.C., Hamilton, Montana

Submitted on Briefs:  March 15, 2023

Decided:  April 4, 2023

Filed:

_____
                    Clerk

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Marisa Root (Marisa) appeals from the June 17, 2022 Order and the July 26, 2022 Order Requiring Sale of Real Property and Distribution of the Estate issued by the Twenty-First Judicial District Court, Ravalli County. We affirm.

¶3 This matter involves an ancillary probate of Albert Larghi's estate (Estate) which was re-opened in June 2020, with Mary Patricia Fleming and Anthony Charles Larghi identified as the domiciliary foreign Co-Personal Representatives (PRs).[1] Albert, a resident of New Jersey, died on April 17, 2009. His Will directed that his five daughters—Donna Mary Linden, Marisa Ann Root, Jean Marie Showalter, Mary Patricia Fleming and Mary Angela Larghi—receive the Ravalli County real property, "equally, share and share alike." Over the years since Albert's passing, the PRs and devisees made several attempts to agree on how to equally divide and distribute the Montana property—consisting of a farmhouse on 20 acres and an approximate 153-acre undeveloped parcel[2]—but were unable to reach

---

[1] The ancillary probate was originally opened in 2009 and evidently inadvertently closed later that year. The Estate beneficiaries continued to try to distribute the Estate's assets in a manner acceptable to all and when they ultimately could not reach agreement, the probate was re-opened.

[2] The parties stipulated and the court approved the sale and release of the farmhouse and 20 acres, leaving only the remaining 153 acres in dispute.

2

agreement. Thereafter, the parties mediated and settled their dispute as to the remaining 153-acre parcel.[3] Shortly after signing the Settlement Agreement, the PRs filed a Motion to Enforce the Settlement Agreement as it became apparent to them that Marisa did not intend to perform under the agreement and, in turn, Marisa filed a motion to nullify or modify the Settlement Agreement. Ultimately, the District Court denied Marisa's motion to nullify or modify the agreement, determined Marisa overtly repudiated the settlement agreement such that the Estate was no longer bound by the terms of the agreement, and ordered the PRs to finalize the pending sale of the subject property and distribute the estate accordingly.

¶4     Marisa asserts the District Court made an incorrect conclusion of law and clearly erroneous exercise of equitable power when it determined Marisa overtly repudiated the settlement agreement. She asserts an expression of non-performance, standing alone is insufficient for repudiation. Finally, she asserts the District Court misapprehended the effect of her motion to modify or nullify when it concluded nullification and repudiation are legally synonymous terms.[4] Contrarily, the PRs contend the District Court did not err in finding Marisa repudiated the settlement agreement as she failed to perform, repeatedly

[3] In pertinent part, the Settlement Agreement provided for Marisa to receive the tract from the 153-acre parcel she desired. The fair market value of her tract and the remaining acreage would be valued by a Comparative Market Analysis and Marisa would then make an equalization payment to the Estate for any disproportionate share of value she received by the in-kind distribution, if any.

[4] Marisa's brief spends considerable time on the distinction between "nullification" and "repudiation" and her assertion the District Court concluded them to be legally synonymous terms. It is not necessary to address the distinctions between "nullification" and "repudiation" as we conclude the District Court did not err in concluding Marisa repudiated the Settlement Agreement.

expressed her intent not to perform through repeated attempts to nullify, void, or materially modify the settlement agreement. PRs also contend the appeal is moot as the property has been sold, title is vested in a third-party buyer, and the Court is unable to effectively grant Marisa's desired relief.[5]

¶5      Repudiation of an agreement is accorded the same effect as a breach of contract by nonperformance. *Eschenbacher v. Anderson*, 2001 MT 206, ¶ 36, 306 Mont. 321, 34 P.3d 87. If a party's failure to perform constitutes an anticipatory breach of contract, the other party is relieved of his duty to perform. *Eschenbacher*, ¶ 36. The determination of whether a party repudiates a contract is a question of fact which we review to determine whether the court's findings are clearly erroneous—not supported by substantial evidence, the district court misapprehends the effect of the evidence, or this Court is left with a firm conviction a mistake has been made after review of the record. *Eschenbacher*, ¶ 22. We review a district court's conclusions of law to determine if they are correct. *Wicklund v. Sundheim*, 2016 MT 62, ¶ 7, 383 Mont. 1, 367 P.3d 403.

¶6      Based on our review of the record, the District Court did not err in concluding Marisa repudiated the settlement agreement such that the Estate was not bound to further perform under the agreement and ordering the PRs to finalize the pending sale of the subject property and distribute the estate accordingly. Marisa asserts that as she submitted the name of a realtor to perform a CMA, her filing of motions to nullify or modify the

---

[5] As we conclude the District Court did not err in concluding Marisa repudiated the Settlement Agreement, we likewise do not find it necessary to address the Estate's mootness contention.

settlement agreement cannot constitute a repudiation—an absolute and unequivocal expression of intent not to perform her obligations under the agreement. After signing the Settlement Agreement, Marisa secured new counsel who advised PRs she objected to the terms of the agreement which prompted PRs to seek judicial enforcement of the agreement. In her motion to nullify or modify the settlement agreement, Marisa sought to find the agreement null and void or change the terms of the agreement. In subsequent correspondence between the parties, Marisa sought an offer from the Estate that was something besides the settlement agreement noting the thing that had changed was that the value of developable property had increased in Ravalli County, and Marisa also later requested additional acreage be added to her tract. We have previously noted "a party acts at his peril if, 'insisting on what he mistakenly believes to be his rights, he refuses to perform his duty.' A party's demand for performance for a term not contained in the contract, accompanied by an unequivocal statement that the demanding party will not perform unless the other party meets the additional term, constitutes an anticipatory breach of contract and excuses performance by the other party." *Eschenbacher*, ¶ 38 (internal citations omitted).

¶7 Here, based on the totality of the record the District Court's finding that Marisa repudiated the settlement agreement is not clearly erroneous. Marisa failed to perform her obligations under the settlement agreement, repeatedly demanded terms not in the settlement agreement, and actively sought to nullify the agreement. That she at times expressed she wanted to accomplish settlement, does not defeat that her conduct and actions unmistakably and unequivocally demonstrated an intention not to perform the

signed settlement agreement. The court did not misapprehend the effect of Marisa's conduct and filings, and we are not left with a firm conviction a mistake has been made.

¶8     We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶9     Affirmed.

/S/ INGRID GUSTAFSON

We concur:

/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ DIRK M. SANDEFUR
/S/ JIM RICE